RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Jose Maria DeCastro*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JOSE MARIA DECASTRO,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN BRENDAN O'DEA,<br><br>Defendant. | Case No. 25-cv-6567<br><br>**COMPLAINT FOR:**<br>1. **Violation of the Stored Communications Act, 18 U.S.C. § 2701;**<br>2. **Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030;**<br>3. **Violation of the Lanham Act, 15 U.S.C. § 1125(a);**<br>4. **Violation of California Penal Code § 502(c);**<br>5. **Misrepresentation, 17 U.S.C. § 512(f);**<br>6. **Declaration of Copyright Infringement, 28 U.S.C. § 2201;**<br>7. **Tresspass to Chattels.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Jose Maria DeCastro ("Plaintiff"), files this action against John Brendan O'Dea ("Defendant" or "Irish Demon") and alleges as follows:

## INTRODUCTION

1. This case arises from a calculated and malicious cyberattack designed to humiliate, sabotage, and silence a public figure by weaponizing the very platform that sustains his livelihood and voice.

2. Plaintiff, known online as Chille and by his YouTube channel name Delete Lawz (@deletelawz1984) ("Delete Lawz"), is a prominent digital activist and commentator focused on constitutional rights, police accountability, and government transparency. Through his livestreams, videos, and public appearances, Plaintiff has built a substantial online following, engaging in First Amendment advocacy and often sparking heated public discourse.

3. Defendant, who goes by the online alias Irish Demon, is part of a loosely organized circle of YouTube "anti-auditor" commentators and trolls who routinely target and mock Plaintiff and others in the auditing community. Prior to the events at issue, Irish Demon had built much of his own online brand by using and reacting to Plaintiff's videos, frequently distorting the content to defame, ridicule, and incite harassment against Plaintiff.

4. This lawsuit is not filed in a vacuum. It follows DMCA takedowns submitted by Plaintiff in November 2022, January 2023 and a DMCA counter-notification submitted by Irish Demon, under penalty of perjury, on November 18, 2022, in which he claimed that his repeated and extensive use of Plaintiff's content was protected by fair use.

5. Irish Demon's assertion that his use of Plaintiff's content was transformative and protected by fair use was knowingly false. During the very livestream that triggered the takedown, Irish Demon made the following statement to his audience while "stream-sniping" Plaintiff's broadcast "we're here to show you so you don't have to watch it over there…"

6. This statement is a direct admission that the purpose of Irish Demon's use was to supplant Plaintiff's audience and divert views away from Plaintiff's original livestream.

Such use is the definition of market substitution. No reasonable person could believe this conduct was protected under 17 U.S.C. § 107.

7. Despite this clear evidence of non-transformative and infringing use, Irish Demon submitted a sworn counter-notification to YouTube claiming the takedown was false, that his use was lawful, and that Plaintiff was abusing the DMCA to silence critics.

8. Irish Demon's counter-notification was a bad-faith maneuver, designed to manipulate YouTube's automated systems into reinstating the infringing content and avoiding legal consequences, while publicly defaming Plaintiff with knowingly false allegations.

9. What began as petty online commentary and copyright infringement escalated into a campaign of digital sabotage. On or about November 22, 2024, while Plaintiff was asleep, Irish Demon launched a coordinated and deeply disturbing attack on Plaintiff's YouTube channel. Using Plaintiff's StreamYard login credentials obtained from one of Plaintiff's former associates, Irish Demon gained unauthorized access to Plaintiff's StreamYard account, effectively hijacking his livestream infrastructure.

10. Once inside, Irish Demon broadcast graphic gay pornography to Plaintiff's Delete Lawz YouTube channel, content so explicit and shocking that YouTube took action: suspending Plaintiff's account and cutting off his ability to stream, post, or monetize content for days. During the illicit broadcast, Irish Demon also posted a chilling message meant to impersonate and intimidate: "NEVER MESS WITH US> [sic] WE ALWAYS WIN".

11. The consequences were devastating. Plaintiff's reputation was smeared, his subscribers horrified, and his revenue shattered. Despite regaining control of his account, Plaintiff's YouTube analytics show a sharp decline in engagement, monetization, and subscriber growth in the aftermath, damage that has continued for months and remains ongoing.

12. This was not an accident. This was not satire. This was a malicious digital ambush, designed to impersonate, degrade, and destroy. Irish Demon's actions violated

federal and state laws, including the Stored Communications Act, the Computer Fraud and Abuse Act, the Lanham Act, and the California Comprehensive Computer Data Access and Fraud Act, among others.

13. Plaintiff brings this action to seek justice, expose this calculated act of online sabotage, and hold Irish Demon accountable for the digital equivalent of breaking into someone's television studio, airing obscene content to millions, and then walking away grinning.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under the laws of the United States, including but not limited to the Copyright Act (17 U.S.C. § 101 et seq.), the Digital Millennium Copyright Act (17 U.S.C. § 512(f)), the Stored Communications Act (18 U.S.C. § 2701 et seq.), and the Computer Fraud and Abuse Act (18 U.S.C. § 1030).

15. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy.

16. Personal jurisdiction is proper in this Court pursuant to 17 U.S.C. § 512(g)(3)(D), as Irish Demon expressly consented to the jurisdiction of the United States District Court for the Northern District of California in his DMCA counter-notification submitted to YouTube on or about November 18, 2022.

17. Personal jurisdiction is also proper as this action arises under federal law, Irish Demon resides outside the United States (in Ireland), and exercising jurisdiction in this district comports with due process and is not prohibited by any other nation's laws. Irish Demon purposefully directed tortious conduct toward a United States resident and knowingly used U.S.-based services (YouTube, StreamYard) to carry out the unlawful acts alleged herein.

18. Venue is proper in this District under 28 U.S.C. § 1391(b)(3) because Irish Demon resides in a foreign country and may be sued in any judicial district. Venue is also proper under 17 U.S.C. § 512(g)(3)(D) based on Irish Demon's express consent.

## PARTIES

19. Plaintiff is a California resident and owner of the Delete Lawz YouTube channel.

20. Irish Demon, is an individual who, upon information and belief, resides in the Republic of Ireland. Irish Demon operates the YouTube channel Irish Demon (@IrishDemon), where he publishes (or used to publish) videos targeting, mocking, and misappropriating content from Plaintiff and other creators in the First Amendment auditing community.

## FACTUAL ALLEGATIONS

21. On October 23, 2022, Defendant "stream-sniped" one of Plaintiff's livestreams by reproducing the broadcast in full, with minimal delay and with minimal transformation and commentary ("Infringing Video 1")[1]. The video contains long stretches of unedited footage streamed directly from Plaintiff's channel, with only occasional ridicule or reaction. It was posted for the purpose of mockery, monetization, and viewer diversion. Infringing Video 1 does not constitute fair use pursuant to 17 U.S.C. § 107.

22. For purposes of this Complaint, the term "stream-snipe" refers to the act of re-broadcasting all or part of another YouTube creator's livestream in real time or with minimal delay, typically without permission and often with the intent to divert viewership, ridicule the original speaker, and profit from their content. This practice is particularly harmful on platforms like YouTube, where concurrent live viewership directly affects audience engagement, monetization, and algorithmic visibility. Infringers who engage in stream-sniping frequently present the re-broadcast as commentary or critique, despite adding little or no original content or transformation.

23. On November 15, 2022, Irish Demon again "stream-sniped" one of Plaintiff's live streams ("Infringing Video 2")[2] (Infringing Video 1 and Infringing Video 2 are collectively referred to as the "Infringing Videos").

---

[1] https://www.youtube.com/watch?v=wTgfIBnDvfw.
[2] https://www.youtube.com/watch?v=hGUx9FC3Eo4.

24. During that stream-snipe, Irish Demon stated "we're here to show you so you don't have to watch it over there…" In other words, Defendant was deliberately showing Plaintiff's livestream to draw viewers away from the Delete Lawz Channel.

25. This admission, made during the very stream at issue, is a direct acknowledgment that Irish Demon intended to divert viewers away from Plaintiff's content and replace it with his own infringing rebroadcast. The statement undermines any fair use defense and establishes the use as a market substitute.

26. Thereafter, Plaintiff submitted a DMCA takedown notice regarding Infringing Video 2.

27. On or about November 18, 2022, Irish Demon submitted a DMCA counter-notification (the "Counter Notice") to YouTube in response to the DMCA takedown request. In the Counter Notice, Irish Demon claimed that his video fell under the "fair use" provision of 17 U.S.C. § 107.

28. Despite Irish Demon's express admission during the livestream that the video was intended to replace Plaintiff's stream, he swore under penalty of perjury that the material had been removed "due to a mistake or misidentification," and that his use was legally protected. These representations were false and made knowingly or with reckless disregard for the truth.

29. In the Counter Notice, Irish Demon listed a residential address in Australia as his place of residence.

30. Irish Demon did not reside in Australia at that time. Irish Demon's inclusion of a false address undermines the validity of the Counter Notice under 17 U.S.C. § 512(g)(3)(D) and casts further doubt on the truthfulness of his sworn statements regarding fair use.

31. Based on Irish Demon's Counter Notice, YouTube reinstated Infringing Video 2 and denied Plaintiff further recourse absent litigation.

32. On or about January 24, 2023, Plaintiff submitted a DMCA takedown notice to YouTube regarding Infringing Video 1. Based upon information and belief, YouTube

refused to process the takedown notice and remove Infringing Video 1. The Infringing Videos remain publicly accessible on YouTube as of the date of the filing of this Complaint.

33. Irish Demon's conduct did not stop at copyright infringement. On or about November 22, 2024, Irish Demon escalated his campaign against Plaintiff by engaging in a targeted cyberattack against Plaintiff's YouTube channel.

34. Using Plaintiff's actual StreamYard login credentials, which Irish Demon obtained without authorization from one of Plaintiff's former employees, Irish Demon gained full access to Plaintiff's livestreaming account and initiated a broadcast that was streamed directly to Plaintiff's official YouTube channel, Delete Lawz.

35. While Plaintiff was asleep, Irish Demon broadcast graphic gay pornography to Plaintiff's audience, alongside a message in the side-chat stating: "NEVER MESS WITH US> [sic] WE ALWAYS WIN."

36. On or about November 23, 2024, the day after the initial hack, Irish Demon attempted to initiate a second unauthorized livestream using Plaintiff's StreamYard credentials that had previously been configured to broadcast directly to Plaintiff's YouTube channel.

37. By that point, Plaintiff had changed account credentials, effectively blocking the second attempt before it could go live.

38. Frustrated that Plaintiff changed his StreamYard login credentials, Irish Demon sent a message to another YouTube creator stating "shit out of luck" and attached a screenshot from his own StreamYard interface, which clearly showed that his StreamYard account had been configured to stream to Plaintiff's YouTube channel. The interface also displayed an error stating: "StreamYard *has lost access* to your YouTube account. Click here to reconnect your destination." (emphasis added). Irish Demon also sent the same YouTube creator a message containing Plaintiff's StreamYard login credentials.

39. This second attempt further confirms Irish Demon's intent to impersonate Plaintiff, humiliate him, and interfere with his ability to use and control his own platform. It establishes that the November 22 attack was not isolated or accidental, it was part of an ongoing campaign of sabotage, and it directly supports Plaintiff's claims under the Stored Communications Act, Computer Fraud and Abuse Act, and related state law causes of action.

40. Irish Demon's attack resulted in YouTube suspending Plaintiff's channel, cutting off his ability to stream, post content, or earn revenue for several days. Plaintiff's analytics reveal a substantial decline in subscriber growth, average views, and monetization metrics following the attack.

41. Irish Demon's access was neither accidental nor authorized. It was part of a calculated effort to disrupt Plaintiff's business, harass his audience, and destroy his reputation.

42. Subsequent to Irish Demon's hack of Plaintiff's channel, YouTube restored the channel because YouTube had information that sufficiently proved that Plaintiff was not responsible for streaming pornography on his channel.

43. Based upon information and belief, this evidence consists of IP logs showing that the stream originated in Ireland.

44. Irish Demon's criminal conduct violated multiple federal and state laws, including the Stored Communications Act, the Computer Fraud and Abuse Act, and California Penal Code § 502. It also constituted trespass to chattels and false designation of origin under the Lanham Act.

45. In the days and weeks following the November 22, 2024 cyberattack on Plaintiff's YouTube channel, substantial evidence emerged tying the attack directly to Irish Demon.

46. On or about January 17, 2025, the independent news outlet ReallyCoolNews published a video and an article titled *"Irish Demon Behind November Hack of Delete*

*Lawz,"* which detailed both the circumstantial evidence and direct admissions by Irish Demon and his associates.[3]

47. According to that report, multiple factors point to Irish Demon as the perpetrator: (1) Irish Demon live-streamed mockery of Plaintiff during the hack, despite the stream taking place in the middle of the night in Ireland, a highly unusual time for Irish Demon to go live; (2) Irish Demon's audience began appearing in the hacked livestream to mock Plaintiff in real time; (3) Irish Demon subsequently hosted a celebratory stream, where he recounted prior pranks against Plaintiff and "all but admitted" to orchestrating the pornography broadcast, gloating without explicitly confessing; (4) Irish Demon's associates later ceased all public denial and grew silent as the controversy escalated.

48. Most critically, Shizz (@ShizzHappens), a well-known YouTube personality and expert investigative reporter, came forward and stated that Irish Demon "admitted to the porn bomb in my VC [Discord Voice Chat] in front of about plus or minus 20 people" and later sent her screenshots of the login credentials used in the attack.

49. This admission was corroborated by multiple sources, including former adversaries of "Shizz," who stated that the screenshots and private confession "filled in the missing 5%" of the narrative. According to ReallyCoolNews, this confirmed what many had already concluded based on Irish Demon's own behavior and timing: Irish Demon was responsible for the unauthorized access and attack on Plaintiff's channel.

50. YouTube itself confirmed to Plaintiff that an outside party had accessed his account and temporarily terminated Plaintiff's channel as a result of the incident. Although YouTube later restored the channel and Plaintiff's AdSense revenue, the damage was severe and long-lasting.

51. Following the attack, Plaintiff was forced to lay off his editors and shut down planned projects. His income was crippled, his reach gutted, and his reputation publicly humiliated.

---

[3] https://reallycoolsite.org/irish-demon-behind-november-hack-of-deletelawz/

COMPLAINT

52. Irish Demon's "prank" was not harmless. It was an act of digital sabotage, carried out with the intent to destroy Plaintiff's platform, deprive him of income, and falsely imply association with explicit content. The use of pornography was calculated to humiliate, and the impersonation, complete with an on-screen message that read "NEVER MESS WITH US> [sic] WE ALWAYS WIN," was designed to amplify confusion, embarrassment, and reputational ruin.

53. Through this lawsuit, Plaintiff seeks to hold Irish Demon accountable for the infringement, impersonation, and unauthorized access that severely harmed his brand, his business, and his right to control his own creative works.

54. Plaintiff now seeks damages, attorneys' fees, declaratory and injunctive relief for Irish Demon's actions.

## FIRST CAUSE OF ACTION

### Violation of Stored Communications Act

### (18 U.S.C. § 2701 *et seq.*)

55. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 54.

56. The Stored Communications Act ("SCA"), 18 U.S.C. § 2701(a), prohibits the intentional unauthorized access to a facility through which an electronic communication service is provided and obtaining, altering, or preventing authorized access to a wire or electronic communication while it is in electronic storage.

57. Plaintiff maintained a StreamYard account, a web-based platform through which electronic communications are managed and stored for purposes of live broadcasting and streaming to third-party services such as YouTube. Plaintiff's StreamYard account was integrated with his monetized YouTube channel and contained session data, and authentication tokens used to control the livestream content and access privileges.

58. On or about November 22, 2024, Irish Demon, without authorization and with intent to cause harm, used Plaintiff's StreamYard credentials that he unlawfully obtained

from a former employee of Plaintiff to access Plaintiff's StreamYard broadcasting infrastructure.

59. Using this unauthorized access, Irish Demon initiated a fraudulent livestream on Plaintiff's YouTube channel while Plaintiff was asleep. Irish Demon broadcasted sexually explicit pornographic material, including graphic depictions of same-sex intercourse, with the apparent intent to embarrass, harass, and inflict reputational harm upon Plaintiff.

60. During the unauthorized broadcast, Irish Demon posted the following message in the side-chat using the Delete Lawz account: "NEVER MESS WITH US> [sic] WE ALWAYS WIN."

61. As a direct result of this malicious broadcast, YouTube promptly disabled Plaintiff's channel and temporarily suspended access, effectively removing Plaintiff's ability to upload content, generate advertising revenue, and engage with his subscriber base for several days.

62. Although Plaintiff's YouTube channel was later restored, the damage to Plaintiff's brand, reputation, and audience engagement was profound and enduring. Analytics from Plaintiff's YouTube Studio account show a measurable and dramatic decline in subscriber growth, average views per video, channel reach, and revenue following the incident.

63. Irish Demon's conduct was intentional and knowing, and it violated Plaintiff's rights under the SCA by unlawfully accessing a protected electronic communications facility and broadcasting content that Plaintiff did not authorize.

64. Irish Demon's actions were calculated, malicious, and in reckless disregard of Plaintiff's rights and reputation. The broadcast occurred on Plaintiff's official YouTube channel, which had an established subscriber base and monetization features.

65. The unauthorized access and broadcast violated 18 U.S.C. § 2701(a)(1), which prohibits intentionally accessing without authorization a facility through which an

electronic communication service is provided and thereby obtaining, altering, or preventing authorized access to a wire or electronic communication while it is in electronic storage.

66. Plaintiff's StreamYard account, including its session and broadcast keys, constitutes a facility through which an electronic communication service is provided, and the content Irish Demon accessed and distributed was in electronic storage as defined by the statute.

67. As a direct and proximate result of Irish Demon's conduct, Plaintiff suffered significant harm, including reputational damage, emotional distress, loss of followers and monetization, and substantial time and expense addressing the fallout from the unauthorized stream.

68. Pursuant to 18 U.S.C. § 2707, Plaintiff seeks: (a) Actual damages, including lost revenue, subscriber attrition, and reputational harm; (b) Statutory damages of no less than $1,000 per violation; (c) Punitive damages due to the willful and malicious nature of Irish Demon's conduct; (d) Reasonable attorney's fees and litigation costs; and (e) Any other relief the Court deems appropriate.

## SECOND CAUSE OF ACTION

**Computer Fraud and Abuse Act**

**(18 U.S.C. § 1030)**

69. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 68.

70. The Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, prohibits unauthorized access to protected computers with the intent to defraud, cause damage, or obtain information, and provides for a civil cause of action under § 1030(g).

71. Irish Demon knowingly and intentionally accessed Plaintiff's StreamYard system, a computer used in or affecting interstate or foreign commerce and communication, without authorization by using unauthorized login credentials.

**COMPLAINT**

72. In doing so, Irish Demon transmitted unauthorized commands to initiate a livestream on Plaintiff's YouTube channel and to upload pornographic material intended to disrupt Plaintiff's use of his platform and damage his business.

73. Irish Demons's unauthorized access caused: (a) Impairment of the integrity and availability of Plaintiff's data and account settings; (b) Disruption of Plaintiff's operations through the suspension of his YouTube account; and (c) Financial loss exceeding $5,000 in a one-year period, including lost revenue, loss of subscriber trust, and remediation costs.

74. As a direct and proximate result of Irish Demon's violations of 18 U.S.C. § 1030(a)(2), (a)(4), and (a)(5), Plaintiff has suffered damage and loss within the meaning of § 1030(c)(4)(A)(i), including consequential financial harm, loss of access to data, loss of income, and costs incurred to investigate and mitigate the intrusion.

75. Pursuant to 18 U.S.C. § 1030(g), Plaintiff seeks compensatory damages, injunctive relief, and all other relief as may be just and proper.

## THIRD CAUSE OF ACTION

### False Designation of Origin/False Affiliation

### (Lanham Act, 15 U.S.C. § 1125(a))

76. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 75.

77. Plaintiff operates a YouTube channel under a distinctive persona and brand, known to followers and subscribers by name, likeness, tone, and thematic content. Plaintiff's reputation and channel identity are commercially valuable.

78. During the unauthorized broadcast on November 22, 2024, Irish Demon used Plaintiff's StreamYard credentials to publish sexually explicit content under Plaintiff's identity, without disclaimer or clarification.

79. Irish Demon's use of Plaintiff's account and broadcasting infrastructure falsely implied that Plaintiff was the source or origin of the livestream and message.

80. This false designation of origin and false affiliation deceived viewers, harmed Plaintiff's brand, damaged subscriber trust, and caused financial injury.

81. Irish Demon's conduct constitutes a violation of the Lanham Act, 15 U.S.C. § 1125(a)(1), entitling Plaintiff to damages, disgorgement of profits, attorneys' fees, and injunctive relief.

## FOURTH CAUSE OF ACTION

### California Comprehensive Computer Data Access and Fraud Act

### (California Penal Code § 502(c))

82. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 81.

83. Irish Demon, without permission and with malicious intent, knowingly accessed and used Plaintiff's computer services, including Plaintiff's StreamYard account and integrated YouTube channel, by means of a fraudulently obtained login credentials.

84. Irish Demon's conduct violated multiple provisions of California Penal Code § 502(c), including but not limited to:

85. § 502(c)(1): Knowingly accessing and using Plaintiff's computer system without permission.

86. § 502(c)(2): Knowingly accessing Plaintiff's system to take, copy, or use data without permission.

87. § 502(c)(3): Knowingly and without permission using or causing to be used computer services.

88. § 502(c)(5): Knowingly and without permission disrupting or causing the disruption of computer services.

89. § 502(c)(7): Knowingly and without permission accessing or causing to be accessed Plaintiff's computer system or network.

90. Irish Demon's unauthorized use of Plaintiff's StreamYard account resulted in the broadcast of explicit pornographic content to the public via Plaintiff's branded

YouTube channel, damaging Plaintiff's reputation, disrupting his operations, and causing financial harm.

91. As a result of Irish Demon's violations of § 502(c), Plaintiff's YouTube channel was suspended, and his business operations were halted for several days. Since the incident, Plaintiff has suffered a demonstrable decline in viewership, subscriber growth, monetization, and brand engagement.

92. Pursuant to California Penal Code § 502(e), Plaintiff is entitled to bring a civil action for compensatory damages, including economic losses, as well as punitive damages, equitable relief, and attorneys' fees.

93. Irish Demon's conduct was willful, malicious, fraudulent, and oppressive, justifying the imposition of exemplary and punitive damages under California Civil Code § 3294.

## FIFTH CAUSE OF ACTION

### Misrepresentation Under the Digital Millenium Copyright Act

### (17 U.S.C. § 512(f))

94. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 93.

95. Section 512(f)(2) of the Copyright Act provides, in relevant part, that "***any person*** who knowingly materially misrepresents under this section . . . that material was removed or disabled by mistake or misidentification, shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner…who is injured by such misrepresentation..." (emphasis added).

96. Despite swearing under penalty of perjury, Irish Demon's Counter-Notification included wholesale fabrications.

97. The Counter-Notification submitted by Irish Demon was false, and knowingly so at the time it was filed.

**COMPLAINT**

98. Irish Demon falsely represented, under penalty of perjury that the video was "fair use" despite him saying in the video that he intended the video to act as a market substitute.

99. Irish Demon made these knowingly false statements in an effort to preserve or re-monetize Infringing Video 2 on his YouTube Channel.

100. As a direct result of Irish Demons's material misrepresentations, Plaintiff was forced to initiate this action to have Infringing Video 2 removed from the Irish Demon Channel. Plaintiff is entitled to recover damages, costs, and attorneys' fees under 17 U.S.C. § 512(f).

101. Plaintiff is further entitled to injunctive relief requiring YouTube or its agents to remove Infringing Video 2 from the Irish Demon Channel.

## SIXTH CAUSE OF ACTION

### Declaration of Copyright Infringement

### (28 U.S.C. § 2201)

102. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 101.

103. An actual and justiciable controversy exists between Plaintiff and Irish Demon concerning the Irish Demon Channel's use of the Infringing Videos.

104. Plaintiff contends that the Irish Demon Channel's use of the Infringing Videos is not protected under 17 U.S.C. § 107.

105. Irish Demon asserts that his use of the Infringing Videos is protected by 17 U.S.C. § 107 as stated in the Counter Notice.

106. Plaintiff seeks a judicial declaration under 28 U.S.C. § 2201 that Irish Demon's use of the Infringing Videos is not protected by 17 U.S.C. § 107.

107. Plaintiff also seeks an injunction requiring YouTube to remove the Infringing Videos that remain on the Irish Demon Channel.

**COMPLAINT**

## SEVENTH CAUSE OF ACTION

### Tresspass to Chattels

108. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 107.

109. Plaintiff's StreamYard account and YouTube channel are forms of personal property (digital chattels) used to operate a business and generate income.

110. Irish Demon intentionally and without authorization interfered with Plaintiff's use and enjoyment of these digital platforms by unlawfully accessing them, broadcasting obscene material, and causing suspension of services.

111. This interference disrupted Plaintiff's operations, diminished the value and functioning of his digital assets, and caused actual financial loss.

112. Irish Demon's conduct constitutes trespass to chattels under applicable common law, and Plaintiff seeks compensatory and punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Irish Demon as follows:

A. Compensatory Damages in an amount to be determined at trial, but believed to exceed $75,000 for loss of income, goodwill, and business opportunities caused by Irish Demon's unauthorized access, broadcast of explicit content, and deliberate interference with Plaintiff's YouTube channel;

B. Punitive damages in an amount sufficient to punish Irish Demon and deter future misconduct, given the malicious, willful, and deceptive nature of the conduct described herein;

C. Statutory damages to the extent permitted by law;

D. An injunction enjoining Irish Demon from:
(1) accessing or attempting to access any of Plaintiff's social media, email, or content distribution accounts;
(2) publishing distributing, or referencing Plaintiff's likeness, name, or content in a false or misleading manner;

COMPLAINT

   (3) engaging in any further harassment, impersonation, or coordinated attacks against Plaintiff's platforms.

E. An injunction ordering that:

  (1) YouTube be directed to remove the Infringing Videos;

  (2) YouTube be enjoined from restoring the Infringing Videos;

  (3) Irish Demon be permanently enjoined from reposting or republishing the Infringing Videos;

F. An order requiring Irish Demon to disgorge any profits, monetization revenue, or financial benefit derived from content relating to the November 2024 hack and its aftermath;

G. A declaration that Infringing Videos do not constitute fair use pursuant to 17 U.S.C. § 107;

H. An award of reasonable attorneys' fees and costs incurred in bringing this action pursuant to any applicable federal or state statutes;

I. Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Dated: August 5, 2025

        /s/ Randall S. Newman
        Randall S. Newman, Esq. (SBN 190547)
        99 Wall Street, Suite 3727
        New York, NY 10005
        (212) 797-3735
        rsn@randallnewman.net

        *Attorney for Plaintiff,*
        *Jose Maria DeCastro*

**COMPLAINT**