RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Jose Maria DeCastro*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIA DECASTRO,<br><br>       Plaintiff,<br><br>   vs.<br><br>JOHN BRENDAN O'DEA,<br><br>       Defendant. | Case No. 25-cv-06567-NC<br><br>**HON. NATHANAEL M. COUSINS**<br><br>***EX PARTE* APPLICATION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE BY EMAIL** |

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Jose Maria DeCastro ("Plaintiff") will and hereby does apply to the Court *ex parte* for an Order pursuant to Fed. R. Civ. P. 4(f)(3) authorizing service by alternative means on defendant John Brendan O'Dea ("Defendant").

This application is based upon the Memorandum of Points and Authorities; the attached Declaration of Randall S. Newman ("Newman Decl."); upon all pleadings and evidence on file in this matter; and upon such additional evidence or arguments as may be accepted by the Court.

Dated:   September 3, 2025         Respectfully submitted,

                                   By:   s/ Randall S. Newman
                                         Randall S. Newman, Esq.

                                         *Attorney for Plaintiff,*
                                         *Jose Maria DeCastro*

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff seeks an order pursuant to Fed. R. Civ. P. 4(f)(3) authorizing service by email on Defendant. Defendant expressly agreed in a DMCA counter-notice (the "Counter-Notice"), submitted under penalty of perjury on or about November 18, 2022, that he "will accept service of process" for any lawsuit related to the video at issue, as required by 17 U.S.C. § 512(g)(3)(D). (Newman Decl. ¶ 4 and Ex. A). The Counter-Notice listed a physical address in Australia and the email address irishdemonvids@gmail.com. (*Id*.). Substantial evidence, however, shows that Defendant resided in Ireland at the time of the Counter-Notice and continues to reside in Ireland today. (Newman Decl. ¶¶ 8, 10 and Ex. C and E). Thus, even if the Australian address had once been accurate, Defendant's current location is in Ireland at an address unknown to Plaintiff. (Newman Decl. ¶ 7).

Plaintiff filed this action on August 5, 2025 and sent a copy of the Summons and Complaint to the email address provided in the Counter-Notice. (ECF No. 1, Newman Decl. ¶ 12 and Ex. F). Defendant has actual knowledge of this lawsuit. On or about July 31, 2025, Defendant posted a video titled *"Happy" Birthday to Me….* to his YouTube channel "Irish Demon" (https://www.youtube.com/@IrishDemon) (the "Irish Demon Channel"). In that video, O'Dea stated "Oh yeah, I'm getting sued by Jose DeCastro for a video that I put up two years ago." (Newman Decl. ¶ 10 and Ex. E).

Email service is reasonably calculated to provide actual notice and enforces the obligation Defendant accepted when he invoked the DMCA counter-notice process. The Court should grant this application.

## I.     FACTUAL BACKGROUND

In 2022 to 2023, Plaintiff submitted DMCA takedown notices to YouTube to remove infringing videos that appeared on the Irish Demon Channel. (ECF No. 1, Complaint ¶¶ 27, 32). On November 18, 2022, Defendant submitted a Counter-Notice to YouTube to restore one of those videos. (*Id*. at 27; Newman Decl. ¶ 4 and Ex. A). The Counter-Notice contained the representation required by 17 U.S.C. § 512(g)(3)(D) that Defendant "will

accept service of process" for any lawsuit concerning that video and provided a physical address in Australia and an email address: irishdemonvids@gmail.com. (*Id.*). This sworn representation was a condition for restoring the video, and the channel directly benefited.

On July 22, 2025, Plaintiff filed a request for a 17 U.S.C. § 512(h) subpoena with the Clerk of Court, Case No. 25-mc-80208. (Newman Decl. ¶ 9 and Ex. D). On July 31, 2025, Defendant appeared in and posted a video to the Irish Demon Channel titled *"Happy" Birthday to Me....* In that video, Defendant stated "Oh yeah, I'm getting sued by Jose DeCastro for a video that I put up two years ago." (Newman Decl. ¶ 10 and Ex. E). Although that statement preceded the filing of the present action, it demonstrates Defendant's awareness that Plaintiff had initiated legal proceedings against him.

Plaintiff filed this action on August 5, 2025 (ECF No. 1), naming O'Dea as a defendant based on the Counter-Notice. Plaintiff sent an email to Defendant with an Acknowledgement of Service form to which he did not respond. (Newman Decl. ¶ 12 and Ex. F).

The fact that Defendant is aware of this case is beyond dispute. His refusal to accept service directly contradicts his statement in the Counter-Notice which was the basis for YouTube reinstating his video. Plaintiff has no way to serve Defendant with the Complaint absent court intervention.

## II.   Argument

Service of process must comply with the requirements of due process. The Supreme Court has long held that the "fundamental requirement of due process is the opportunity to be heard" and that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The method of service need not be perfect or guarantee actual notice; it is sufficient if the chosen method is reasonably certain to inform the defendant, or, where conditions do not reasonably permit such certainty, that it is not substantially less likely to provide notice than other feasible alternatives. *Id.* at 315.

Federal Rule of Civil Procedure 4(f) permits several methods of service on foreign individuals, including service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). In other words, "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means." *Id.*; *see also Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004). Thus, as one leading treatise explains, the "use of a court-directed means for service of process under Rule 4(f)(3) is not a disfavored process and should not be considered extraordinary relief." Wright & Miller, 4B Fed. Prac. & Proc. Civ. § 1134 (3d ed.).

In evaluating a motion to authorize service by alternative means on a foreign defendant, courts consider whether the requested means of service is (1) "reasonably calculated to provide actual notice" to the defendant, and (2) not prohibited by an international agreement. *Rio Props.*, 284 F.3d at 1014, 1016; *see also Liberty Media Holdings, LLC v. Vinigay.com*, 11-cv-0280-PHX-LOA, 2011 WL 810250, at *2 (D. Ariz. Mar. 3, 2011) ("Under Rule 4(f)(3), a method of service must comport with constitutional notions of due process and must not violate any international agreement."). Both conditions are met in this case.

    **A.**    **Service by email is reasonably calculated to provide actual notice of this lawsuit to Defendant**.

To satisfy the constitutional requirement of due process, an alternative method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016. Email fits that bill. That is especially true in cases like this one in which Defendant conducts his business online and relies heavily on

*Ex Parte* **Application for Alternative Service by Email**

electronic communications. The Ninth Circuit recognized that email is a reliable method of alternative service, particularly when used to serve defendants who "embrace[] the modern ebusiness model and profit[] from it":

> [W]e conclude not only that service of process by email was…reasonably calculated to apprise [defendant] of the pendency of the action and afford it an opportunity to respond [but also that] it was the method of service most likely to reach [defendant].
>
> . . .
>
> Although communication via email and over the Internet is comparatively new, [it] has been zealously embraced within the business community. [Defendant] particularly has embraced the modern e-business model and profited immensely from it. *In fact, [defendant] structured its business such that it could be contacted only via its email address.*
>
> . . .
>
> [W]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process. Certainly in this case, it was a means reasonably calculated to apprise [defendant] of the pendency of the lawsuit, and the Constitution requires nothing more.

*Rio Props.*, 284 F.3d at 1017-18 (emphasis added).

Email has become ubiquitous since *Rio Props.* was decided, reinforcing both its reasoning and its conclusion. As a result, courts now routinely conclude that email is reasonably calculated to give notice, typically when one or more of the following factors are present: (1) the foreign defendant does business on the Internet; (2) the foreign defendant relies on electronic communications to operate its business; (3) the foreign defendant does not provide a physical address or provides a physical address that is unsuitable for service; and/or (4) the foreign defendant evades personal service or makes personal service difficult. *See, e.g., California Beach Co., LLC v. Exqline, Inc.*, 20-cv-

01994-TSH, 2020 WL 8675427, at *4 (N.D. Cal. Jul. 7, 2020); *Gucci America, Inc. v. Huoqing*, 09-cv-05969-JCS, 2011 WL 31191, at *2-3 (N.D. Cal. Jan. 3, 2011) (noting that court granted motion for email service on foreign defendant); *Gurung v. Malhotra*, 10-cv-5086-WM, 2011 WL 5920766, *1 (S.D.N.Y. Nov. 22, 2011) (same); *Bank Julius Baer & Co. Ltd v. Wikileaks*, 08-cv-00824-JSW, 2008 WL 413737, at *2 (N.D. Cal. Feb. 13, 2008) (authorizing email service).

Email service is appropriate in this case because all four factors are present.

*First*, Defendant is clearly involved in commercial Internet activities. He operates the Irish Demon Channel. (Newman Decl. ¶¶ 3, 17 and Ex A).

*Second*, Defendant relied and continues to rely on electronic communications to conduct business. Defendant's Counter-Notice was submitted to YouTube via email, and his YouTube channel depends entirely on electronic communications for monetization and audience engagement. (*Id.*).

*Third*, Defendant held out a physical address that was invalid and unsuitable for personal service. (Newman Decl. ¶¶ 4-5, 7-8, 10 and Exs. A, C, E). In contrast, Defendant corresponded with YouTube via email, strongly suggesting that email is the best way to contact Defendant. *See Vinigay.com*, 2011 WL 810250, at *4 ("Plaintiff has shown that because Defendants conduct business through the internet…service through email will give Defendants sufficient notice and opportunity to respond."). And while Plaintiff is unaware of the true physical address of Defendant, Plaintiff has valid email addresses for Defendant and the co-owner/operator of the Irish Demon Channel. (Newman Decl. ¶¶ 5-7, 13-16 and Exs. B, G).

Defendant has already admitted under penalty of perjury to a service address that was patently false (address in Australia). Defendant expressly agreed in the Counter-Notice that he "will accept service of process" at the email address provided. (Newman Decl. ¶ 4 and Ex. A). That sworn promise is itself sufficient to satisfy due process. *Rio Prop.* makes clear that Rule 4(f)(3) "is not subsumed within or in any way dominated by Rule 4(f)'s other subsections" and is not a method of "last resort." 284 F.3d at 1014. The Court may

authorize email service in the first instance without requiring Plaintiff to attempt physical service abroad, particularly where Defendant has already chosen email as his designated method of service.

*Fourth*, Defendant has frustrated efforts to serve him by providing an invalid physical address in Australia despite residing in Ireland and Defendant ignored Plaintiff's attempt to contact him via email. (Newman Decl. ¶¶ 4-5, 7-8, 10 and Exs. A, C, E and F).

In sum, Defendant has refused to acknowledge this lawsuit, hoping that Plaintiff (and the Court) will let him off the hook if he ignores it long enough. His intransigence should not be rewarded. Because Plaintiff has been diligent and persistent in his efforts to contact and serve Defendant; because Defendant has resisted those efforts despite considerable evidence that he knows about this lawsuit; and because email is reasonably calculated to give Defendant actual notice of this case, the Court should grant Plaintiff's motion and permit Plaintiff to serve Defendant via email. *See, e.g.*, *Rio Props.*, 284 F.3d at 1018 ("[W]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process.").

Unlike the typical alternative-service motion, this application does not rest solely on Defendant's evasion or the unreliability of his physical address (though both are present). It is grounded in Defendant's prior, voluntary designation of email as an accepted means of receiving process in a statutory counter-notice regime designed to trigger litigation. This case thus presents an even stronger record than *Facebook, Inc. v. Banana Ads, LLC*, where the court authorized email service because it was the most reliable means available. Here, email is not only the most reliable means, it is the one Defendant expressly chose.

Words in statutes, contracts, and court filings are to be given their plain meaning and effect. See *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (courts must give effect, if possible, to every clause and word of a statute). This principle applies equally to representations made to the Court and to the parties in litigation.

Here, Defendant expressly stated in the Counter-Notice, under penalty of perjury, that he "will accept service" at the physical address or email address he provided. That

8

*Ex Parte* Application for Alternative Service by Email

statement was not idle fluff; it is a key statutory representation required by 17 U.S.C. § 512(g)(3)(D). Congress included it so that copyright owners could rely upon it for service of process, thereby facilitating the efficient resolution of disputes without needless expense or delay.

If that representation can be ignored without consequence, forcing Plaintiff to chase Defendant across the world with process servers, it renders the statutory language meaningless. This Court should avoid any interpretation that reduces such a congressional requirement to a nullity. *See Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (courts are reluctant to treat statutory terms as surplusage).

Given Defendant's own voluntary, sworn statement of willingness to accept service, coupled with evidence that Defendant has actual knowledge of this case, service via the email address associated with the DMCA Counter-Notice (in addition to the email address listed below) is both reasonable and fully consistent with due process.

**B.   Service on Joe Famalette is also appropriate.**

Courts authorize email service on third-parties who have communicated with defendant about the case. In *Columbia Pictures v. Galindo*, the court authorized service on an attorney who had litigated motions on behalf of a related defendant and contacted opposing counsel about the target defendant, despite the attorney's denial that he represented her. 2021 WL 10139466, at *3 (C.D. Cal. Oct. 13, 2021). The court held that "due process does not require that the individuals served on behalf of foreign defendants have represented them or been authorized to accept service on their behalf." *Id.* at *3.

Here, Famalette is not merely a bystander. He appears to be an investor and co-operator of the Irish Demon Channel and thus has a direct relationship to the subject matter of this suit. (Newman Decl. ¶¶ 13-16 and Ex. G). Given his role, service directed to him is reasonably calculated to provide actual notice to Defendant. As in *Galindo*, formal agency is unnecessary; what matters is that service on Famalette is a reliable redundant channel to reach O'Dea.

**C.   Service by email is not prohibited by any relevant international agreement**.

Ireland is a signatory to or bound by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, T.I.A.S. No. 6638 (1969) ("Hague Service Convention"). *See* Hague Conf. on Private Int'l Law, Status Table 14, http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited Sep. 2, 2025) (listing Ireland as a signatory).

The Hague Service Convention does not expressly prohibit email service. *See, e.g.*, *Williams-Sonoma Inc. Friendfinder, Inc.*, 06-cv-06572-JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007). In any event, the true address of Defendant is unknown. (Newman Decl. ¶ 7) The address in Australia provided by Defendant in the Counter-Notice is useless as Defendant resided in Ireland when he sent that Counter-Notice. (Newman Decl. ¶¶ 7-8, 10 and Ex. C, E). As a result, the Hague Service Convention is inapplicable. *See* Hague Service Conv., art. 1 ("This Convention shall not apply where the address of the person to be served with the document is not known."); *United States v. Distribuidora Batiz CGH, S.A. De C.V.*, 2011 WL 1561086, at *5 (S.D. Cal. Apr. 21, 2011) (same). Accordingly, service by email on the Defendant residing in Ireland is not prohibited by an international agreement.

## CONCLUSION

Defendant has evaded service despite Plaintiff's diligent efforts to locate, contact, and serve him, and despite overwhelming evidence that he is fully aware of this lawsuit. In the Counter-Notice, Defendant expressly agreed under penalty of perjury to accept service of process. Having chosen email as his service channel and having benefited from the restoration of the video on that basis, Defendant cannot now disavow his own sworn commitment. Because email service is reasonably calculated to give Defendant actual notice of this lawsuit, the Court should authorize service via the following email addresses:

1 | irishdemonvids@gmail.com;
2 | irishdemonarmy@gmail.com;
3 | fat2fitgorzilla@gmail.com
4 | joe@creatorgrowthgroup.com

Dated: September 3, 2025

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Jose Maria DeCastro*