UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE MARIA DECASTRO,

Plaintiff,

v.

JOHN BRENDAN O'DEA,

Defendant.

Case No. 25-cv-06567-NC

**ORDER REQUESTING SUPPLEMENTAL BRIEFING REGARDING MOTION FOR DEAULT JUDGMENT**

Re: ECF 16

Before the Court is Plaintiff's motion for entry of a default judgment against Defendant John O'Dea, who allegedly gained unauthorized access to Plaintiff's YouTube channel and then used it to broadcast graphic pornography. ECF 16. This Order requests supplemental briefing regarding Plaintiff's Stored Communications Act (SCA) claim and specifically whether StreamYard stores electronic communications.

"The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); Fed. R. Civ. P. 55(b). In making its determination a court should consider, among other factors, "the merits of plaintiff's substantive claim" and "the sufficiency of the complaint." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Upon default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). "Under

an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. Oct. 28, 2010).  Taken together, these factors require plaintiff's allegations to "state a claim on which the [plaintiff] may recover." *Id.* (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Plaintiff seeks default judgment against Defendant based on his SCA claim.  To state a claim under the SCA, Plaintiff must allege that Defendant "(1) gained unauthorized access to a 'facility' where [he] (2) accessed an electronic communication in 'electronic storage.'" *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 627 (N.D. Cal. 2021) (quoting *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 608 (9th Cir. 2020)).

The complaint alleges that Plaintiff utilized StreamYard, "a web-based platform through which electronic communications are managed and stored for purposes of live broadcasting and streaming to third-party services such as YouTube."  ECF 1, Compl., ¶ 57.  On November 22, 2024, Defendant allegedly used Plaintiff's StreamYard login credentials, without his authorization, and initiated a broadcast from Plaintiff's channel. *Id.* ¶¶ 33–34.

The Court is satisfied that the first element of the claim is met because Defendant used Plaintiff's StreamYard credentials without his permission, so "gained unauthorized access to a facility." *Calhoun*, 526 F. Supp. 3d at 627 (citation and quotation marks omitted).  However, the Court requires further briefing regarding whether StreamYard provides electronic storage.

Electronic storage is defined as the "temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof" or "any storage of such communication by an electronic communication service for purposes of backup protection of such communication."  18 U.S.C. § 2510(17).

Plaintiff describes StreamYard as "a web-based platform through which electronic communications are managed and stored for purposes of live broadcasting and streaming." Compl. ¶ 57.  But both live broadcasting and streaming do not appear to involve "storage"

United States District Court
Northern District of California

of any such communication and instead suggest immediate production. "[T]he SCA protects *stored* communications, whether in temporary or backup storage, not contemporaneous communications in transit from sender to recipient." *Joseph Anthony Reyna v. Apple, Inc.*, No. 26-cv-03137-RS, 2026 WL 2032304, at *8 (N.D. Cal. July 14, 2026) (quoting *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1042 (N.D. Cal. 2014)) (emphasis in original). The Court requires further information about StreamYard's functionality and whether Plaintiff's broadcasting or streaming are "stored" there, either temporarily or as a back-up. *See* 18 U.S.C. § 2510(17). It would aid the Court to know, for example, whether, after a live broadcast, StreamYard retains or makes a copy of Plaintiff's video. The Court would also appreciate citations to any supporting case law.

Accordingly, the Court requests Plaintiff provide no more than three pages of supplemental briefing regarding his SCA claim by August 13, 2026. Plaintiff must serve this Order on Defendant and file proof of service.

**IT IS SO ORDERED.**

Dated: July 31, 2026

_____
NATHANAEL M. COUSINS
Chief United States Magistrate Judge

United States District Court
Northern District of California