RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
270 Madison Ave., 10th Floor
New York, NY 10016
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Jose Maria DeCastro*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIA DECASTRO,<br><br>      Plaintiff,<br><br>  vs.<br><br>JOHN BRENDAN O'DEA,<br><br>      Defendant. | Case No. 25-cv-06567-NC<br><br>**HON. NATHANAEL M. COUSINS**<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES REGARDING STORED COMMUNICATIONS ACT CLAIM** |

**Supplemental Memorandum Regarding Stored Communications Act Claim**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Pursuant to the Court's July 31, 2026 Order (ECF No. 30), Jose Maria DeCastro ("Plaintiff") submits this Supplemental Memorandum addressing whether electronic communications were stored in Plaintiff's StreamYard account within the meaning of the Stored Communications Act, 18 U.S.C. § 2701 ("SCA").

As the Court recognized, the Complaint (ECF No. 1) alleges that John Brendan O'Dea ("Defendant") used Plaintiff's StreamYard credentials without authorization and thereby gained unauthorized access to a facility through which an electronic communication service is provided. (ECF No. 30 at 2). The remaining issue identified by the Court is whether StreamYard stores electronic communications within the meaning of 18 U.S.C. § 2510(17).

Plaintiff's Declaration, submitted with this Supplemental Memorandum, establishes that it does. StreamYard is not merely a conduit through which contemporaneous livestreams pass. StreamYard records and stores audiovisual content after transmission and also permits users to create and store prerecorded audiovisual content. Plaintiff used both functionalities. At the time Defendant accessed Plaintiff's StreamYard account without authorization, the account contained recordings of Plaintiff's prior livestreams and prerecorded videos that remained stored and accessible through his account. (Declaration of Jose Maria DeCastro ("DeCastro Decl.") ¶¶ 2-7).

StreamYard's own documentation confirms Plaintiff's experience. StreamYard's documentations states that, as a user streams or records, the recordings are saved to StreamYard and count against the user's available storage. (*Id.* ¶ 8, Ex. A). StreamYard's documentation further states that recordings are saved permanently and may subsequently be accessed and downloaded from the user's video library. (*Id.* ¶ 9, Ex. B). Plaintiff confirms that the functionality described in StreamYard's documentation is consistent with his personal experience using the service. (*Id.* ¶ 10).

1

**Supplemental Memorandum Regarding Stored Communications Act Claim**

## II.   ARGUMENT

The SCA prohibits a person from intentionally accessing without authorization "a facility through which an electronic communication service is provided" and thereby obtaining, altering, or preventing authorized access to "a wire or electronic communication while it is in electronic storage." 18 U.S.C. § 2701(a)(1).

The statute defines an "electronic communication" broadly to include "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature" transmitted electronically. 18 U.S.C. § 2510(12). Plaintiff's audiovisual recordings, consisting of electronically transmitted images, sounds, and data, fall within this definition.

An "electronic communication service" is "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15). StreamYard provides precisely that functionality: Plaintiff used StreamYard to create and transmit audiovisual content to YouTube and to create prerecorded audiovisual content for subsequent publication. (DeCastro Decl. ¶¶ 2-5).

Most importantly for the issue identified by the Court, "electronic storage" expressly includes "any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17)(B).

The Ninth Circuit has held that subsection (B) is not limited to communications awaiting transmission. In *Theofel v. Farey-Jones*, 359 F.3d 1066, 1075–77 (9th Cir. 2004), the court held that communications retained by a service provider after delivery may remain in electronic storage where the retained copy provides the user with a second copy that can subsequently be accessed or downloaded. *Id.* at 1075–76. The Ninth Circuit expressly rejected the proposition that § 2510(17)(B) is limited to temporary or pre-transmission storage, holding that subsection (B) "applies to backup storage regardless of whether it is intermediate or post-transmission." *Id.* at 1076. More recently, the Ninth Circuit reaffirmed *Theofel* and explained its "straightforward premise": for a communication to be stored "for purposes of backup protection," there must be a "second, backup copy" of the communication. *Clare v. Clare*, 982 F.3d 1199, 1202 (9th Cir. 2020).

2

**Supplemental Memorandum Regarding Stored Communications Act Claim**

That principle applies directly here. StreamYard does not merely transmit Plaintiff's audiovisual communications to YouTube and discard them. When Plaintiff conducted livestreams using StreamYard, the audiovisual communication was transmitted to YouTube while a second copy was saved in his StreamYard account after the livestream ended and remained available for subsequent access. (DeCastro Decl. ¶ 4). Plaintiff also used StreamYard to create prerecorded videos that were published to YouTube, while copies of those videos remained stored and accessible in his StreamYard account after publication. (*Id.* ¶ 5). At the time Defendant accessed Plaintiff's account without authorization, the account contained these stored copies of prior livestreams and prerecorded videos. (*Id.* ¶¶ 6–7).

This functionality is independently confirmed by StreamYard's own documentation. StreamYard explains that "[a]s you stream or record, those recordings get saved to StreamYard," and that the recordings consume the user's allotted storage capacity. (DeCastro Decl. ¶ 8, Ex. A). StreamYard further explains that it saves recordings permanently and permits account owners to access and download stored recordings from their video library, including cloud video and audio recordings. (*Id.* ¶ 9, Ex. B). The functionality described in these materials is consistent with Plaintiff's own use of StreamYard. (*Id.* ¶ 10).

Thus, this case does not involve only a contemporaneous communication "in transit from sender to recipient," as discussed in *Joseph Anthony Reyna v. Apple, Inc.*, No. 26-cv-03137-RS, 2026 WL 2032304, at *8 (N.D. Cal. Jul. 14, 2026). Plaintiff's StreamYard account contained copies of completed audiovisual communications retained after their transmission and available to Plaintiff for subsequent access and use. Under *Theofel*, such post-transmission storage may constitute "electronic storage" within § 2510(17)(B).

When Defendant entered Plaintiff's StreamYard account without authorization, he therefore gained unauthorized access to a facility containing Plaintiff's electronic communications while those communications were in electronic storage. The remaining element identified in the Court's July 31 Order is therefore satisfied.

3

**Supplemental Memorandum Regarding Stored Communications Act Claim**

Dated:  August 13, 2026

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
270 Madison Ave., 10th Floor
New York, NY 10016
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,
 Jose Maria DeCastro*

4

**Supplemental Memorandum Regarding Stored Communications Act Claim**